IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                                          ORDER

                Plaintiff,

                                                   14-cv-327-bbc

    v.

RICHARD RICE, FOX & FOX S.C.,
CAPITAL TIMES, CAPITAL NEWSPAPERS, INC.
and ERIK K. SHINSEKI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Glendale Stewart has filed a proposed complaint in which he seeks to sue his former employers (defendants Capital Times, Capital Newspapers, Inc. and Erik Shinseki) and his former lawyers who represented him for a time in proceedings against defendant Capital Newspapers (defendants Richard Rice and Fox & Fox, S.C.). Because plaintiff is proceeding in forma pauperis, his complaint is subject to screening to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

One obvious problem with plaintiff's complaint is that it involves the same parties and events as previous lawsuits that plaintiff filed in this court:

- In Stewart v. Capital Newspapers, Inc., No. 09-cv-554-slc (W.D. Wis. Nov. 23, 2010), Magistrate Judge Stephen Crocker granted Capital Newspapers' motion for summary judgment because plaintiff had failed to adduce evidence to support his claims that Capital Newspapers had mistreated him in various ways and then fired him because of his race and because he complained about discrimination.

1

- In <u>Stewart v. Shinseki</u>, No. 10-cv-456-bbc (W.D. Wis. Feb. 27, 2012), I granted Shinseki's motion for summary judgment because plaintiff had failed to adduce evidence to support his claim that Shinseki's staff at the veterans hospital mistreated him in various way before firing him because of his race, disability and because he complained about the discrimination.

- In <u>Stewart v. Rice</u>, No. 11-cv-413-bbc (W.D. Wis. July 14, 2011), I dismissed plaintiff's claims related to legal representation provided by Rice and Fox & Fox because all of the claims arose under state law and plaintiff did not show that jurisdiction was present under 28 U.S.C. § 1332.

- In <u>Stewart v. Shinseki</u>, No. 12-cv-337-bbc (W.D. Wis. June 19, 2012), I dismissed plaintiff's claims against Shinseki under the doctrine of claim preclusion because plaintiff's claims were about alleged mistreatment while plaintiff worked at the veterans hospital, the same subject he raised in 10-cv-456-bbc.

- In <u>Stewart v. Rice</u>, No. 12-cv-339-bbc (W.D. Wis. June 19 2012), I dismissed plaintiff's claims against Rice, Fox & Fox and Capital Newspapers because plaintiff was attempting to raise the same claims that he had raised in case nos. 09-cv-554-slc and 11-cv-413-bbc,

In this case, plaintiff is alleging again that defendants Capital Times, Capital Newspapers and Shinseki mistreated him at work and that defendants Rice and Fox & Fox mistreated him while representing him. As I have explained to plaintiff in his previous cases, a plaintiff may not continue to file lawsuits about the same events after he has had one full and fair opportunity to do so. <u>In re Ingersoll, Inc.</u>, 562 F.3d 856, 861 (7th Cir. 2009) ("The doctrine of claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps."). Although plaintiff tries to repackage some of his claims with new legal theories, a plaintiff "cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change

of legal theory." Carr v. Tillery, 591 F.3d 909, 913-14 (7th Cir. 2010). Plaintiff was required to bring all of his claims related to these events in one lawsuit. Czarniecki v. City of Chicago, 633 F.3d 545, 549-50 (7th Cir. 2011) (plaintiff who sued employer under § 1983 for discrimination and lost could not bring new claims challenging his termination under Title VII and state law); Maher v. FDIC, 441 F.3d 522, 526 (7th Cir. 2006) (claim preclusion "bars litigation of claims that 'could have been raised' in the previous litigation, but were not").

Plaintiff has filed lawsuits about each of the events discussed in his complaint at least twice before in this court. A review of the electronic docket for the Wisconsin state courts shows that he has sued defendants Rice and Fox & Fox three times in the Circuit Court for Dane County. Stewart v. Rice, No. 2013CV3893; Stewart v. Rice, 2013CV2257; Stewart v. Rice, 2011CV2238. In No. 2013CV3893, the court sanctioned plaintiff for filing frivolous cases and barred him from filing any additional cases against Rice and Fox & Fox for events related to their representation of him between 2007 and 2009.

A similar sanction is necessary in this case for plaintiff's continued attempts in this court to sue the same parties for the same conduct. No matter how strongly plaintiff believes that defendants mistreated him, the law does not allow him to file repeated lawsuits until he obtains the result he wants. Accordingly, I am enjoining plaintiff from filing any more lawsuits in this court related to his employment by defendants Capital Newspapers, Capital Times and Shineski or the legal representation of defendants Rice and Fox & Fox. Carr, 591 F.3d at 920-21 (district court has inherent authority to enjoin plaintiff from filing

3

additional lawsuits about same conduct).  If plaintiff continues to file lawsuits about the same events, the court will consider additional sanctions, including monetary sanctions and a filing ban on *all* cases filed by plaintiffs, even if they are not related to the issues discussed in this case.

ORDER

IT IS ORDERED that

1.  This case is DISMISSED under the doctrine of claim preclusion.

2.  Plaintiff Glendale Stewart is ENJOINED from filing additional lawsuits in this court related to his employment by defendants Capital Newspapers, Inc., Capital Times or Eric Shineski or the legal representation of defendants Richard Rice and Fox & Fox, S.C.

3.  If plaintiff files additional lawsuits in the Western District of Wisconsin, the court will review the complaint to determine whether the lawsuit is related to the events described above.  If it is, the court will take no action on the complaint and it will be deemed dismissed after 60 days.  Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997).

4. Because the case is dismissed, plaintiff's motion for assistance in recruiting counsel is DENIED.

5.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 24th day of June, 2014.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge