IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                                                                  ORDER

              Plaintiff,

                                                                 14-cv-327-bbc

      v.

RICHARD RICE, FOX & FOX S.C.,
CAPITAL TIMES, CAPITAL NEWSPAPERS, INC.
and ERIK K. SHINSEKI,

              Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                                                       ORDER

             Plaintiff,

                                                                16-cv-38-bbc

     v.

OFFICE OF LAWYER REGULATION/SUPREME
COURT, KEITH SELLEN and CYNTHIA SCHALLY,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In Stewart v. Rice, case no. 14-cv-327-bbc (W.D. Wis. Apr. 24, 2014), I noted that pro se plaintiff Glendale Stewart had filed multiple unsuccessful lawsuits against Richard Rice, a lawyer who represented plaintiff in the past, and that claim preclusion prohibited plaintiff from continuing to litigate the same claims. Because plaintiff failed to heed the

1

court's previous instructions to stop filing lawsuits on this matter, I sanctioned plaintiff by enjoining him from filing any additional lawsuits "related to . . . the legal representation of . . . Rice." Id. at 3.

Plaintiff has filed two sets of new documents related to the order in case no. 14-cv-327-bbc. First, he has filed a 29-page complaint in case no. 16-cv-38-bbc in which he contends that the Office of Lawyer Regulation and its officers violated his constitutional rights by refusing to investigate and discipline Richard Rice. Accompanying plaintiff's complaint is a 31-page petition for a writ of mandamus to compel the Office of Lawyer Regulation to conduct an investigation, along with a motion for assistance in recruiting counsel. Second, plaintiff has filed a motion in case no. 14-cv-327-bbc to vacate the sanctions order. I am denying the motion to vacate and dismissing the new case as frivolous.

With respect to the sanctions order, plaintiff argues that I violated Fed. R. Civ. P. 11 by failing to give him adequate notice of the sanction. I am denying this motion for three reasons. First, it is untimely. Arguments that the court made a legal error must be brought in a motion under Fed. R. Civ. P. 59, e.g., Blue v. Hartford Life & Account Insurance Co., 698 F.3d 587, 598 (7th Cir. 2012), which imposes a deadline of 28 days from entry of judgment. Because I sanctioned plaintiff and entered judgment more than 18 months ago, it is far too late for him to bring the motion now.

Second, I did not rely on Rule 11 when I sanctioned plaintiff. This should have been clear from the order itself because I did not cite Rule 11. Rather, I relied on Carr v. Tillery, 591 F.3d 909, 920-21 (7th Cir. 2010), for the proposition that a district court has *inherent*

*authority* to enjoin a plaintiff from filing additional lawsuits about the same conduct.

Finally, even if plaintiff were entitled to notice, he received it in the form of orders from the court in previous cases telling him that his complaints were barred under the doctrine of claim preclusion. E.g., Stewart v. Rice, No. 12-cv-339-bbc (W.D. Wis. June 19 2012) (dismissing plaintiff's claims against Rice because plaintiff was attempting to raise the same claims that he had raised in case nos. 09-cv-554-slc and 11-cv-413-bbc). After being told multiple times by this court that his claims against Rice could not succeed, plaintiff was not entitled to additional notice before he was sanctioned.

Turning to plaintiff's new complaint, I conclude that it falls within the scope of the injunction. Although plaintiff is suing different defendants in this case, his claims are still related to Rice's representation. In any event, plaintiff's claim is frivolous. Even if Rice committed malpractice, plaintiff has no legal right to force a government agency to discipline a lawyer. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Whitlock v. Brueggemann, 682 F.3d 567, 588-89 (7th Cir. 2012) (law enforcement officers have no constitutional duty to investigate wrongdoing); Armstrong v. Harkness, 2002 WL 32344429, *1 (W.D. Wis. 2002) (dismissing as legally frivolous claim that bar association violated plaintiff's rights by failing to discipline lawyer).

Plaintiff must end his obsession with Richard Rice and move on. I understand that plaintiff believes that Rice wronged him, but it is a waste of this court's time and plaintiff's resources to continue relitigating the same issues. If plaintiff files any more lawsuits related

to Rice's legal representation, I will not hesitate to impose monetary sanctions in addition to the filing bar. Gay v. Chandra, 682 F.3d 590, 595 (7th Cir. 2012) ("[D]istrict courts . . . can impose both monetary and nonmonetary sanctions under Rule 11 for filing or maintaining claims for an improper purpose or without adequate legal or factual support.").

ORDER

IT IS ORDERED that plaintiff Glendale Stewart's complaint in case no. 16-cv-38-bbc is DISMISSED WITH PREJUDICE. Plaintiff's motion, dkt. #10, in case no. 14-cv-327-bbc, is DENIED as untimely and without merit. The clerk of court is directed to enter judgment in favor of defendants Office of Lawyer Regulation/Supreme Court, Keith Sellen and Cynthia Schally and close this case.

Entered this 11th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge